STATE of Wisconsin, Plaintiff-Respondent,

v.

Kevin J. VAN RIPER, Defendant-Appellant.

Court of Appeals

*No. 03–0385–CR. Submitted on briefs September 10, 2003.—
Decided October 1, 2003.*

2003 WI App 237

(Also reported in 672 N.W.2d 156.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Anthony L. O'Malley* of *Zacherl, O'Malley & Endejan, S.C.*, of Fond du Lac.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joan C. Aguado*, assistant district attorney, Winnebago county.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J.[1]  Kevin J. Van Riper appeals his conviction for operating with a prohibited alcohol concentration (PAC) of 0.08, as a third offense, contrary to WIS. STAT. § 346.63(1)(b) (2001–02). Van Riper contends that the State's submission of his certified Department of Transportation (DOT) driving transcript was inadmissible evidence and, in any event, was insufficient to establish his repeater status as an element of the offense beyond a reasonable doubt. Van Riper requests this court to remand for sentencing as a PAC, first offense.

¶ 2.  We hold that Van Riper's DOT certified driving transcript was admissible evidence and that the transcript established Van Riper's repeater status as an element of the PAC offense beyond a reasonable doubt. We therefore affirm Van Riper's conviction, but we

---

[1] This appeal was originally a one-judge appeal; it was converted to a three-judge panel by order of the Chief Judge of the Court of Appeals. WIS. STAT. RULE 809.41(3) (2001–02). All references to the Wisconsin Statutes are to the 2001–02 version.

remand with directions that the trial court enter an amended judgment to reflect that Van Riper's conviction is for PAC, not operating while intoxicated (OWI).[2]

## FACTS

¶ 3.   Following his arrest for OWI and PAC on April 7, 2002, the State filed a criminal complaint against Van Riper alleging a third offense OWI and third offense PAC. The complaint included a DOT driving record abstract indicating two prior OWI convictions against Van Riper.

¶ 4.   Prior to trial, Van Riper stipulated that he had operated the vehicle and that he had an alcohol content in excess of .08 at the time of such operation contrary to Wis. Stat. § 340.01(46m)(b), which sets the prohibited alcohol content for a third-time offender at "0.08 or more." However, Van Riper contested the remaining element of the offense—the alleged two prior OWI convictions. The parties agreed that this remaining element would be tried to the court.

¶ 5.   At the ensuing trial, the State filed a certified DOT transcript of Van Riper's driving record, which reflected a November 1989 OWI conviction in Minnesota and an October 1993 OWI conviction in Wisconsin. The issue at the trial was whether the certified DOT

[2] The judgment of conviction and a later judgment which stayed Van Riper's sentence pending appeal state Van Riper's conviction as operating while intoxicated (OWI), third offense, contrary to Wis. Stat. § 346.63(1)(a). However, the record reflects that the State dismissed the OWI charge when Van Riper admitted to the PAC charge while reserving his right to challenge the prior convictions. Moreover, the issues argued on appeal pertain to a conviction for PAC. On remand, we direct the trial court to enter an amended judgment to reflect a conviction for PAC as a third offense.

transcript was admissible evidence and, if so, whether it sufficed to prove Van Riper's repeater status beyond a reasonable doubt. The trial court received the certified DOT driving record as evidence at the trial and further ruled that it established Van Riper's status as a repeat offender beyond a reasonable doubt. Van Riper appeals from the ensuing judgment of conviction.

## DISCUSSION

¶ 6.  Van Riper was convicted of operating a motor vehicle with a PAC of greater than .08 contrary to Wis. Stat.  § 346.63(1)(b).  Pursuant  to  Wis.  Stat. § 340.01(46m)(a) and (b), "prohibited alcohol concentration" means an alcohol concentration of 0.1 or more if a person has one or no prior convictions as counted under Wis. Stat. § 343.307(1) or an alcohol concentration of 0.08 if, like Van Riper, a person has two prior convictions as counted under § 343.307. Thus, the crime of PAC—.08 has three elements:  (1) the defendant drove or operated a motor vehicle on a highway, (2) the defendant had a PAC at the time he or she drove or operated the motor vehicle, and (3) the defendant had two or more convictions, suspensions or revocations as counted under § 343.307(1) at the time the defendant drove or operated the motor vehicle. Wis JI—Criminal 2660B.

¶ 7.  Here, Van Riper stipulated to the first and second elements of the offense, but contested the third element—his alleged prior convictions. Van Riper contends that the trial court erred by:  (1) admitting the certified DOT transcript of his driving record into evidence; and (2) by holding that such evidence satisfied the State's burden to establish his repeater status beyond a reasonable doubt. Both issues present questions of first impression.

¶ 8. Generally, the admissibility of evidence is a matter within the trial court's discretion. *State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983). Consequently, a trial court's evidentiary ruling will not be upset on appeal if the court had "a reasonable basis" and it was made "in accordance with accepted legal standards and in accordance with the facts of record." *Id.* (citations omitted).

¶ 9. The State relies on our supreme court's decisions in *State v. Wideman*, 206 Wis. 2d 91, 556 N.W.2d 737 (1996), and *State v. Spaeth*, 206 Wis. 2d 135, 556 N.W.2d 728 (1996), in support of its contention that a certified DOT driving record is admissible evidence and competent proof of a defendant's prior convictions. In both cases, the defendants challenged the evidence offered in support of their prior convictions to support the application of a penalty enhancer at sentencing. *Wideman*, 206 Wis. 2d at 94–95; *Spaeth*, 206 Wis. 2d at 142–43. We address each case in turn.

¶ 10. Wideman was charged with OWI, third offense. At the sentencing, Wideman's defense counsel stated that "the 'state of the record' indicated that this was a third conviction on the offense of operating while intoxicated." *Wideman*, 206 Wis. 2d at 97. The trial court accepted this statement as sufficient proof of Wideman's prior convictions. Wideman later sought to vacate the enhanced penalty, arguing that the conviction should be reduced to a civil forfeiture. *Id.* at 97 n.7. Wideman contended that his counsel's statement was inadequate to support a finding that he had two prior offenses within the previous five years. *Id.* at 97. Because WIS. STAT. § 346.65(2), the OWI penalty enhancer, did not address the means by which the State is

to establish prior offenses at sentencing, Wideman argued that the requirements for establishing prior offenses as set forth in WIS. STAT. § 973.12(1) of the criminal code applied to the penalty enhancement provisions of § 346.65(2).[3] *Wideman*, 206 Wis. 2d at 98–99.

¶ 11.  The supreme court rejected Wideman's argument, stating:

> We conclude that the difference between the two statutes rests upon a rational basis. The nature of OWI offenses and the penalties under [WIS. STAT.] § 346.65(2) justify the legislature's imposing on the State different proof requirements than those prescribed by [WIS. STAT.] § 973.12(1). Large numbers of OWI offenses are prosecuted. Moreover, in contrast with § 973.12(1), the enhanced penalties under § 346.65(2) are penalties for misdemeanors, with relatively short periods of incarceration and moderate fines. The efficient administration of the justice system militates in favor of the legislature's choice not to require the same method of establishing repeat offenses under § 346.65(2) as under § 973.12(1).

*Wideman*, 206 Wis. 2d at 106–07. Assuming that defense counsel had adequately investigated the defendant's driving record, the court concluded, "Allowing the accused's counsel to respond about a prior offense adequately protects an accused's due process right to a sentence based on legitimate considerations." *Id.* at 106. The court also instructed that if the allega-

---

[3] WISCONSIN STAT. § 973.12(1) provides that the defendant may be sentenced as a repeater if the prior convictions are "admitted by the defendant or proved by the state." The statute also provides that "[a]n official report of the F.B.I. or any other governmental agency of the United States or of this state or any other state shall be prima facie evidence of any conviction or sentence therein reported." *Id.*

tions of prior convictions are incorrect or cannot be verified by defense counsel, "The State should be prepared at sentencing to establish the prior offenses by appropriate official records or other competent proof." *Id.* at 108.

¶ 12.   *Spaeth*, released the same day as *Wideman*, was an operating after revocation (OAR) case, not an OWI case. There, the supreme court held:   "[T]he State establishes the existence of a defendant's prior OAR convictions by competent proof when, at a minimum, it introduces into the record at any time prior to the imposition of sentence, either:   (1) an admission; (2) copies of prior judgments of conviction for OAR; or (3) a teletype of the defendant's [DOT] driving record." *Spaeth*, 206 Wis. 2d at 153.

¶ 13.   Thus, the cumulative effect of *Wideman* and *Spaeth* is as follows:   (1) the proof requirements of Wis. Stat. § 973.12(1), the repeater statute in the criminal code, do not apply in OWI prosecutions (*Wideman*); and (2) a DOT teletype is competent proof of a defendant's prior convictions (*Spaeth*).

¶ 14.   Van Riper distinguishes *Wideman* and *Spaeth* because they addressed the proof of penalty enhancement convictions *at sentencing,* whereas the instant case concerns proof of prior convictions *at trial* as an element of the substantive offense to prove a defendant's repeater status. While we appreciate the distinction, we nevertheless deem the cases instructive and persuasive.

¶ 15.   In *State v. Saunders*, 2002 WI 107, ¶ 49, 255 Wis. 2d 589, 649 N.W.2d 263, the supreme court observed that "proof of prior convictions directly affects the sentence a criminal defendant may receive, and thus affects a major liberty interest." Both *Wideman* and *Spaeth* involved the liberty interests of the defen-

dants. Were it not for the penalty enhancers, which rested on proof of prior convictions, neither defendant would have been subjected to jail confinement. *Spaeth*, 206 Wis. 2d at 143 & n.4; *Wideman*, 206 Wis. 2d at 97 & n.7. Despite the distinction between the trial and sentencing phases of a criminal proceeding involving a repeat offender, it makes no sense to deem the liberty interests of one category of offenders greater or lesser than the other by prescribing a differing form of evidence sufficient to prove a prior conviction. In both situations, the end result is an enhanced penalty calling for confinement based upon a prior conviction or convictions. From that, it logically follows that the proof requirements in both settings should be the same.

¶ 16. If, pursuant to *Spaeth*, a teletype of a defendant's DOT driving record is admissible and sufficient evidence of prior offenses for purposes of penalty enhancement in a sentencing proceeding, then certainly a *certified* DOT driving record is admissible and sufficient to prove the status of an alleged repeat offender in a PAC prosecution.[4]

---

[4] We note that Section II of the Introductory Comments to Wɪs JI—Cʀɪᴍɪɴᴀʟ 2660–2665 addresses many of the issues concerning the PAC statute and varying PAC levels. Relevant to this appeal, the Committee specifically addressed "Practical Problems with Submitting Prior Offenses as an Element" in a PAC—.08 trial when a defendant fails to admit to them. Wɪs JI—Cʀɪᴍɪɴᴀʟ 2660–2665, Introductory Comment at 5–6. In noting that the statutory requirement of counting offenses under Wɪs. Sᴛᴀᴛ. § 343.307(1) would be "too technical to submit to a jury," the Committee notes its assumption that "evidence will be presented that the person's driving record shows the requisite number of prior offenses 'as counted under § 343.307(1).' " Introductory Comment at 7. This assumption by the Committee lends additional support to our conclusion that

██

¶ 17.   Contrary to Van Riper's assertions, our holding is consistent with the Wisconsin rules of evidence. In *State v. Leis*, 134 Wis. 2d 441, 443, 445–46, 397 N.W.2d 498 (Ct. App. 1986), we held that a certified driving record was admissible and competent evidence of a prior revocation *as an element of the charged offense* in an operating after revocation prosecution. We noted that a defendant's driving record is a public record and is admissible as an exception to the hearsay rule pursuant to Wis. Stat. § 908.03(8),[5] as a record which the DOT is required to maintain for each motor vehicle licensee pursuant to Wis. Stat. § 343.23(2) and (3) and Wis. Stat. § 343.24(1). *Leis*, 134 Wis. 2d at 445. We further noted that "[a] record is authenticated by a certificate which properly and sufficiently identifies the record to which it is attached" and further, that a defendant's driving record is self-authenticating by virtue of a certificate attached to the record bearing the State of Wisconsin DOT seal and a signature of the Administrator of the Division of Motor Vehicles (DMV) attesting to the record's authenticity. *Id.* at 445–46.

¶ 18.   Here, a certificate bearing the State of Wisconsin DOT seal and the signature of the DMV admin-

---

a certified DOT driving record is sufficient evidence of the status element of prior offenses at a PAC—.08 trial.

[5] Wisconsin Stat. § 908.03 governs hearsay exceptions; it provides in relevant part:

> **(8)** Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

istrator accompanies Van Riper's DOT driving record. Both Wisconsin case law and statutes support the admission of this certified document as proof of Van Riper's prior convictions at trial.[6]

■

¶ 19.     That one of Van Riper's convictions occurred in Minnesota does not change our decision. Pursuant to WIS. STAT. § 343.23(2)(b), the DOT must maintain a record of all "suspensions, revocations, and convictions that would be counted under s. 343.307(2)," the statute which is used "to determine the prohibited alcohol concentration under s. 340.01(46m)." Pursuant to WIS. STAT. § 343.307(2)(e), a court must consider the following when determining the prohibited alcohol concentration:

---

[6] The parties also cite to WIS. STAT. § 343.24 in support of their respective arguments for and against the admissibility of Van Riper's DOT driving transcript. Generally, this statute (1) addresses the DOT's duty to furnish a driver's transcript upon request; (2) sets the fees which the DOT shall charge for furnishing such transcripts; (3) sets the limitations on the furnishing of certain information; (4) prohibits the DOT from revealing personal identifier information about a person requesting a transcript in certain situations; and (5) sets out penalties for the improper revelation of personal identifier information.

We do not find WIS. STAT. § 343.24 helpful on the question before us. The only provision of this statute that carries an evidentiary effect is the bar against using a DOT transcript in "any action for damages arising out of a motor vehicle accident." Sec. 343.24(1). That provision obviously does not apply in this case. While that language might suggest that a DOT transcript is admissible in all other proceedings, we conclude that the transcript would still have to pass muster under the rules of evidence. As our analysis has revealed, Van Riper's transcript survives this process.

Convictions under the law *of another jurisdiction* that prohibits refusal of chemical testing or use of a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof, or with an excess or specified range of alcohol concentration, or under the influence of any drug to a degree that renders the person incapable of safely driving, as those or substantially similar terms are used in that jurisdiction's laws. (Emphasis added.)

¶ 20. The certified DOT transcript recites that Van Riper was convicted of "operating under influence" in Minnesota with a violation date of "11/21/89." Wisconsin's drunk driving statute, WIS. STAT. § 346.63, is entitled "Operating under influence of intoxicant or other drug." A subset of this statute, and one means of violating this statute, is operating a motor vehicle with a prohibited alcohol concentration. Sec. 346.63(1)(b). From this information, the trial court could reasonably conclude that the Minnesota laws governing drunk driving were substantially similar to Wisconsin's OWI laws.[7]

## CONCLUSION

¶ 21. We conclude that the trial court properly exercised its discretion when it admitted Van Riper's certified DOT driving record as evidence and that such evidence established Van Riper's repeater status as an element of the offense beyond a reasonable doubt. We

---

[7] As the trial court correctly observed, the Wisconsin courts have previously found Minnesota's OWI laws to be in conformity with those of Wisconsin. *See State v. White*, 177 Wis. 2d 121, 124, 501 N.W.2d 463 (Ct. App. 1993).

therefore affirm Van Riper's conviction for PAC, third offense, and remand for entry of an amended judgment to reflect such conviction.[8]

*By the Court.*—Judgment affirmed and cause remanded with directions.

---

[8] *See supra* note 1.