# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1261-CR |
| COMPLETE TITLE: | State of Wisconsin, Plaintiff-Respondent, v. Justin A. Braunschweig, Defendant-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 380 Wis. 2d 511, 913 N.W.2d 516
(2018 – unpublished)

| | |
|---|---|
| OPINION FILED: | December 21, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 12, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Jefferson |
| JUDGE: | Randy R. Koschnick |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs filed by *Michael C. Witt* and *Criminal Defense & Civil Litigation*, *LLC*, Jefferson. There was an oral argument by *Michael C. Witt*.

For the plaintiff-respondent, there was a brief filed by *Sopen B. Shah*, deputy solicitor general, with whom on the brief was *Brad D. Schimel*, attorney general, and *Ryan J. Walsh*, chief deputy solicitor general. There was an oral argument by *Sopen B. Shah*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP1261-CR
(L.C. No. 2016CT412)

STATE OF WISCONSIN : IN SUPREME COURT

State of Wisconsin,

      **Plaintiff-Respondent,**

      **v.**

**Justin A. Braunschweig,**

      **Defendant-Appellant-Petitioner.**

**FILED**

**DEC 21, 2018**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 ANNETTE KINGSLAND ZIEGLER, J. This is a review of an unpublished decision of the court of appeals,[1] State v. Justin A. Braunschweig, No. 2017AP1261-CR, unpublished slip op. (Wis. Ct. App. Feb. 1, 2018), affirming the Jefferson County circuit court's[2] judgment of conviction of defendant Justin A.

---

[1] This appeal was decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

[2] The Honorable Randy R. Koschnick presided.

Braunschweig ("Braunschweig") for Operating While Intoxicated ("OWI") as a second offense.[3]

¶2 The court is now presented with two overriding issues. First, we consider whether a prior expunged OWI conviction constitutes a prior conviction under Wis. Stat. § 343.307(1), when determining the penalty for OWI-related offenses.[4] We conclude that a prior expunged OWI conviction must be counted under § 343.307(1).

¶3 Second, we consider the State's burden of proving the prior OWI conviction in second offense OWI-related offenses. We conclude that the State must prove this prior OWI conviction, which is not here an element of the offense charged, by a preponderance of the evidence. Thus, we affirm the court of appeals.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4 In 2011 Braunschweig was convicted of injuring another person by operation of a vehicle while intoxicated, contrary to

---

[3] Braunschweig was convicted of both an OWI count and a prohibited alcohol concentration ("PAC") count, each as a second offense, and the court imposed sentence on only the OWI second offense count pursuant to Wis. Stat. § 346.63(1)(c).

[4] "OWI-related offenses" have been referred to as "drunk driving" offenses in prior opinions by this court. See, e.g., State v. Kozel, 2017 WI 3, ¶¶1-2, 373 Wis. 2d 1, 889 N.W.2d 423. Here, "OWI-related offenses" concerns those offenses referenced above in footnote 3. In prior opinions, this court has sometimes referred to these offenses as "drunk driving" offenses.

Wis. Stat. § 346.63(2)(a)1. (2011-12)[5] ("2011 conviction"). It is undisputed that the Jackson County circuit court ordered expunction of Braunschweig's 2011 conviction under Wis. Stat. § 973.015, the Expunction Statute.[6] The propriety of that

---

[5] Wisconsin Stat. § 346.63 (2011-12), "Operating under influence of intoxicant or other drug," in relevant part, provided:

> (2) (a) It is unlawful for any person to cause injury to another person by the operation of a vehicle while:
>
> 1. Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving.

§ 346.63(2)(a)1. (2011-12).

[6] Wisconsin Stat. § 973.015 provides, in relevant part:

> [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition. This subsection does not apply to information maintained by the department of transportation regarding a conviction that is required to be included in a record kept under s. 343.23(2)(a).

(continued)

3

decision——to order expunction——is not at issue in this case. Rather, this court is called upon to consider whether an expunged conviction is considered a predicate offense and what burden of proof must the State meet to establish this prior offense.

¶5 On September 2, 2016, nearly five years after his 2011 conviction, Braunschweig was arrested for driving while intoxicated with a PAC of .16. Braunschweig was subsequently charged with criminal misdemeanor offenses: one count of OWI, contrary to Wis. Stat. § 346.63(1)(a), and one count of operating with a PAC, contrary to § 346.63(1)(b), both as second offenses, see Wis. Stat. § 346.65(2)(am)2. The State relied on Braunschweig's expunged 2011 conviction as the prior predicate offense under Wis. Stat. § 343.307(1) in order to charge him with second offenses, making them criminal instead of civil.[7] The State submitted a certified copy of Braunschweig's Department of Transportation ("DOT") driving record to establish the prior conviction.

¶6 Before trial, Braunschweig filed a motion challenging the State's use of the 2011 conviction as a predicate offense

---

§ 973.015(1m)(a)1. In 2013 the legislature revised Wis. Stat. § 973.015. See 2013 Wis. Act 362, §§ 48-50. The revisions were unrelated to the statute's language we quote in this opinion. For the sake of consistency, we refer only to the 2015-16 version.

[7] Wisconsin Stat. § 346.65(2)(am) makes the first offense for OWI or PAC a civil offense, but OWI and PAC offenses become criminal as second offenses.

4

under Wis. Stat. § 343.307(1), because the 2011 conviction was expunged. Braunschweig argued that once the 2011 conviction was expunged by the circuit court, it no longer qualified as a predicate offense in second offense OWI and PAC cases. The circuit court ruled against him. Braunschweig then waived his right to a jury trial and the matter was tried to the court.

¶7 Before trial, Braunschweig argued that the existence of at least one prior conviction is a status element in a second offense case, and that absent a stipulation, the prior OWI must be proven beyond a reasonable doubt to the trier of fact. The circuit court rejected this argument. Braunschweig was convicted of both counts and was sentenced the same day. The circuit court stayed his sentence pending appeal.

¶8 Braunschweig filed a notice of appeal and the court of appeals affirmed the circuit court. Braunschweig, No. 2017AP1261-CR, unpublished slip op. On February 27, 2018, Braunschweig filed a petition for review in this court. On June 11, 2018, we granted the petition.

## II. STANDARD OF REVIEW

¶9 "The interpretation and application of a statute present questions of law that this court reviews de novo while benefitting from the analyses of the court of appeals and circuit court." State v. Alger, 2015 WI 3, ¶21, 360 Wis. 2d 193, 858 N.W.2d 346 (citing State v. Ziegler, 2012 WI 73, ¶37, 342 Wis. 2d 256, 816 N.W.2d 238). Thus, we review de novo whether an expunged conviction must be counted as a

5

conviction under Wis. Stat. § 343.307(1), and therefore, serve as a predicate offense under Wis. Stat. § 346.65(2)(am).

¶10 Similarly, the "[d]etermination of the appropriate burden of proof in this case presents a question of statutory interpretation." Shaw v. Leatherberry, 2005 WI 163, ¶17, 286 Wis. 2d 380, 706 N.W.2d 299. Thus, we also review de novo what burden of proof the State must meet in order to prove the prior conviction's existence.

¶11 Furthermore, this case requires the interpretation of our prior case law. "[S]tare decisis concerns are paramount where a court has authoritatively interpreted a statute because the legislature remains free to alter its construction." Progressive N. Ins. Co. v. Romanshek, 2005 WI 67, ¶45, 281 Wis. 2d 300, 697 N.W.2d 417 (citing Hilton v. S.C. Pub. Rys. Comm'n, 502 U.S. 197, 202 (1991)). "When a party asks this court to overturn a prior interpretation of a statute, it is his 'burden . . . to show not only that [the decision] was mistaken but also that it was objectively wrong, so that the court has a compelling reason to overrule it.'" Id.

### III. ANALYSIS

#### A. Statutory Interpretation

¶12 We begin our analysis with a review of the language of the statutes. State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." Id., ¶44. If the meaning of the statute is

6

plain, we ordinarily stop the inquiry and give the language its "common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."  Id., ¶45.

¶13 Context and structure of a statute are important to the meaning of the statute.  Id., ¶46.  "Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results."  Id.  Moreover, the "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage."  Id.  "A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes——that is, from its context or the structure of the statute as a coherent whole."  Id., ¶49.

¶14 "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning."  Id., ¶46.  If statutory language is unambiguous, we do not need to consult extrinsic sources of interpretation.  Id.  "Statutory interpretation involves the ascertainment of meaning, not a search for ambiguity."  Id., ¶47.

1.  OWI-related statutes

7

¶15 Wisconsin Statutes govern OWI-related offenses. Unique to Wisconsin, a first offense is deemed to be a civil, not a criminal offense.[8] The legislature has instituted criminal penalties for repeat offenses. See Wis. Stat. § 346.65(2)(am); see also Wis. Stat. § 343.307(1). These statutes generally embody a system of increased penalties depending on the number of offenses and after the offenses increase to a certain number, the permissible alcohol concentration allowable for a repeat offender decreases significantly. § 346.65(2)(am); see also § 343.307(2).[9] As a result, while the State must prove certain elements in certain repeat OWI-related offenses beyond a reasonable doubt, we confine our analysis to the statutes as they pertain to a second offense with which Braunschweig finds himself charged and convicted.[10] We now turn our analysis to the relevant statutes at issue in this case.

---

[8] See Wis. Stat. § 346.65(2)(am)1. See also, Bill Leuders, Under the Influence: Why Wisconsin Has Weak Laws on Drunken Driving, Urban Milwaukee (Nov. 10, 2014), https://urbanmilwaukee.com/2014/11/10/under-the-influence-why-wisconsin-has-weak-laws-on-drunken-driving; Nina Kravinsky, Wisconsin DUI policies lag behind other states' in severity, Badger Herald (Dec. 4, 2014), https://perma.cc/E3HZ-X768. If a defendant, however, has at least one prior relevant offense, the OWI becomes a criminal offense. See § 346.65(2)(am)2.

[9] The Wisconsin Statutes also enhance penalties for other reasons not pertinent to our analysis. See, e.g., Wis. Stat. § 346.65(2)(f) (passengers under age 16).

[10] Compare Wis. Stat. § 340.01(46m); Wis JI-Criminal 2600, at 11-13 (2011) ("Operating While Intoxicated: Introductory Comment . . . V. D. Operating With a [PAC]. PAC level and penalties for third and subsequent offenses"); id., at 13-16 ("VI. Prior Offenses . . . an Element of the 0.02 Offense")

(continued)

¶16 Wisconsin Stat. § 346.63(1) states "No person may drive or operate a motor vehicle while . . . [u]nder the influence of an intoxicant," § 346.63(1)(a), or with a "prohibited alcohol concentration," § 346.63(1)(b). Convictions of both, as was the case here, count as only one conviction for purposes of Wis. Stat. § 346.65(2)(am), the OWI/PAC penalty enhancement statute. See § 346.63(1)(c) ("A person may be charged with and a prosecutor may proceed upon a complaint based upon a violation of any combination of par. (a), (am), or (b)" and "[i]f the person is found guilty of any combination of par. (a), (am), or (b) . . . there shall be a single conviction.").

¶17 The OWI/PAC penalty enhancement statute at issue here provides for increased minimum and maximum potential penalties for defendants convicted of OWIs based upon a delineated list of prior "suspensions, revocations, and other convictions." Wis. Stat. § 346.65(2)(am). The penalties are increased for a defendant who has a prior "conviction[] counted under s. 343.307(1)," § 346.65(2)(am)2., which includes "[c]onvictions for violations under s. 346.63(1) [and] . . . under s. 346.63(2)." Wis. Stat. § 343.307(1)(a), (1)(c). There is no meaningful debate that Braunschweig's 2011 conviction, if not expunged, would be deemed a prior counted conviction under this

with Wis JI-Criminal 2660C (2007) ("Operating A Motor Vehicle with a [PAC]-Criminal Offense-More than 0.02 grams-§ 346.63(1)(b)") and Wis JI-Criminal 2663 (2006) ("Operating a Motor Vehicle While Under the Influence of an Intoxicant-Criminal Offense-§ 346.63(1)(a)").

9

section. The issue is whether that prior expunged conviction counts as a prior predicate offense. As a result, we turn to the words of the statute as defined.

¶18 Wisconsin Stat. § 340.01 defines "words and phrases" that appear in Chapter 346. Section 340.01(9r) defines "Conviction" as "an unvacated adjudication of guilt." Hence, we next consider whether an expunged "conviction" is an "unvacated adjudication of guilt."

### 2. Expunction and vacatur

¶19 Wisconsin Stat. § 973.015, entitled "Special Disposition," governs expunction in Wisconsin, and grants courts the discretionary authority to expunge an offender's conviction for a crime for which the maximum period of imprisonment is six years or less if that offender is under 25 years of age at the time the crime was committed.[11] "The court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition." § 973.015(1m)(a)(1). "Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record." § 973.015(1m)(b) (emphasis added). Thus, when expunction is ordered, the clerk of court seals the case and

---

[11] Other statutes may use the term expunction but are not pertinent to our analysis. See, e.g., Wis. Stat. § 938.355(4m).

10

destroys the court records. State v. Allen, 2017 WI 7, ¶9 & n.3, 373 Wis. 2d 98, 890 N.W.2d 245.

¶20 In contrast, Wisconsin Stat. 974.06(1) instructs that a defendant seeking postconviction relief "may move the court which imposed the sentence to vacate, set aside or correct the sentence." A court "shall vacate and set the judgment aside" if

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the person as to render the judgment vulnerable to collateral attack.

§ 974.06(3)(d). Such relief, however, is designed to address such defects with respect to the conviction or the sentence imposed, not to provide a second chance or a fresh start as is intended by the expunction statute. State v. Hemp, 2014 WI 129, ¶¶19, 20, 359 Wis. 2d 320, 856 N.W.2d 811.

¶21 Vacatur, unlike expunction, removes the fact of conviction. See State v. Lamar, 2011 WI 50, ¶¶39-40 & n.10 (stating that when a judgment has been vacated, "the matter stands precisely as if there had been no judgment," and that vacating a judgment renders it "nullified and no longer in effect"). A vacated conviction, unlike expunction, does not result in a court record being hidden from public view nor are court records destroyed because of a vacated conviction. See SCRs 72.01 and 72.06. To "vacate" has been defined generally as "[t]o nullify or cancel; make void; invalidate." Vacate,

Black's Law Dictionary 1782 (10th ed. 2014) (employing "the court vacated the judgment" as an exemplary use of the term).

¶22 Vacatur invalidates the conviction itself, whereas expunction of a conviction merely deletes the evidence of the underlying conviction from court records. Expunction, unlike vacatur, does not invalidate the conviction.

¶23 Notably, Wis. Stat. § 973.015(1m), the Expunction Statute, references that it is inapplicable to the DOT which is charged with the responsibility to maintain its own records. The Expunction Statute specifically states, "This subsection does not apply to information maintained by the department of transportation regarding a conviction." § 973.015(1m). Thus, the legislature specifically acknowledged the separate and distinct responsibility for recordkeeping in the executive branch as opposed to that in the judicial branch.

¶24 The next section of the Expunction Statute provides additional confirmation that the legislature deemed vacatur and expunction to be distinct court actions. Wisconsin Stat. § 973.015(2m)[12] states the court "may . . . vacate the conviction . . . or may order that the record of the violation . . . be expunged." The legislature's use of the terms "vacate the conviction" or "order the record . . . be expunged" in the disjunctive demonstrates the legislature's decision to distinguish vacatur from expunction as two

---

[12] This statute is limited in its application to "a victim of trafficking for the purposes of a commercial sex act . . . ."

12

alternative, independent options. See Milewski v. Town of Dover, 2017 WI 79, ¶50, 377 Wis. 2d 38, 899 N.W.2d 303 (deciding that the use of the word "or" in a list created alternative options); see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116 (2012) ("Under the conjunctive/disjunctive canon, and combines items while or creates alternatives."). If "vacat[ing] . . . the conviction" and "order[ing] that the record of the violation . . . be expunged" are to have the same meaning, one of options would be rendered mere surplusage. See Milewski, 377 Wis. 2d 38, ¶50 n.21 ("[I]f the second option really means nothing more than the first, then the legislature acted frivolously when it added that option to the statute. We try not to treat legislative enactments as surplusage." (citation omitted)); Scalia & Garner, supra at 174-79 (footnote omitted) ("If possible, every word and every provision is to be given effect (verba cum effectu sunt accipienda). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."). Here, the use of vacatur and expunction as distinct alternative options confirms the legislature's unambiguous determination that a vacated adjudication of guilt, is not the same as an expunged conviction.

¶25 In sum, while the expunction of court records of a conviction is intended to benefit a young offender, one of the benefits is not that the underlying conviction is vacated. Therefore, under a plain meaning analysis, a conviction, even

13

though expunged, remains "an unvacated adjudication of guilt" and thus, must be counted for purposes of supporting a prior conviction in OWI-related offenses.

### 3. State v. Leitner

¶26 We now examine whether our statutory analysis is at odds with State v. Leitner, 2002 WI 77, 253 Wis. 2d 449, 646 N.W.2d 341. Braunschweig argues that Leitner prohibits an expunged conviction from being considered, even if the conviction is certified in a DOT record. We disagree and conclude that the plain language interpretation of the statute is consistent with this court's past precedent, including Leitner.

¶27 In Leitner, this court determined that the "court records of expunged convictions cannot be considered by sentencing courts," including for "repeater sentence enhancement." 253 Wis. 2d 449, ¶¶39, 44 (emphasis added); see id., ¶39 ("An expunged record of a conviction cannot be considered at a subsequent sentencing; an expunged record of a conviction cannot be used for impeachment at trial under [Wis. Stat.] § 906.09(1); and an expunged record of a conviction is not available for repeater sentence enhancement.").

¶28 However, Leitner explicitly contemplated use of other non-court records of prior convictions whose court records had subsequently been expunged for repeater sentence enhancement. Id., ¶40. Specifically, the court stated:

> Furthermore, district attorneys and law enforcement agencies have significant ongoing

14

interests in maintaining case information, even when a court record of a conviction has been expunged under Wis. Stat. § 973.015. Case information may assist in identifying suspects, determining whether a suspect might present a threat to officer safety, investigating and solving similar crimes, anticipating and disrupting future criminal actions, informing decisions about arrest or pressing charges, making decisions about bail and pre-trial release, <u>making decisions about repeater charges, and making recommendations about sentencing</u>.

<u>Id.</u> (emphasis added).

¶29 Further, this court has since clarified that <u>Leitner</u>'s holding does not stand for the proposition that a DOT record of conviction is precluded from use. In <u>Allen</u>, this court stated:

As discussed in <u>Leitner</u>, expunction requires the destruction of the court record of conviction. It is the court record, with all of its contents, which cannot be considered at a subsequent sentencing. The facts underlying an expunged record of conviction, if obtained from a source other than a court record, may be considered at sentencing.

<u>Allen</u>, 373 Wis. 2d 98, ¶41.

¶30 As a result, <u>Leitner</u> does not lend support to Braunschweig's cause. A certified DOT record is a "source other than a court record" that may be considered to prove the predicate expunged offense. While Wis. Stat. § 973.015 may allow the expunction of court records, the statute explicitly says it does not apply to DOT records. <u>See</u> § 973.015(1m)(a). Further, nothing in the DOT's grant of authority to maintain the records prevents them from being used in this fashion. The

15

enumerated purposes[13] do not provide an exclusive list. It is instead additional support for the fact that the DOT was required to keep such records regardless of their expunction.

¶31 In sum, the plain meaning of the statutes and our prior precedent both dictate that a certified DOT record which contains an expunged conviction can establish a predicate offense for purposes of OWI-related offenses.

### B. Prior Convictions Must Be Proven By A Preponderance Of The Evidence.

¶32 We last turn to the question of the burden of proof the State must meet in proving a prior conviction in a second offense OWI-related case. Wisconsin Stat. § 346.65 does not provide a standard of proof for the penalties assigned. See

---

[13] Wisconsin Stat. §§ 343.23 and 343.24 designate some uses of the records. For instance, § 343.23, in relevant part, provides:

> The information specified in pars. (a) and (am) must be filed by the department so that the complete operator's record is available for the use of the secretary in determining whether operating privileges of such person shall be suspended, revoked, canceled, or withheld, or the person disqualified, in the interest of public safety.

§ 343.23(2)(b). Another example is in § 343.24, which provides:

> The department shall upon request furnish any person an abstract of the operating record of any person. The abstract shall be certified if certification is requested. Such abstract is not admissible in evidence in any action for damages arising out of a motor vehicle accident.

§ 343.24(1).

16

_Carlson & Erickson Builders, Inc. v. Lampert Yards, Inc._, 190 Wis. 2d 650, 658 n.6, 529 N.W.2d 905 (1995) ("Where Congress has not prescribed the appropriate standard of proof and the Constitution does not dictate a particular standard, we must prescribe one." (quoting _Herman & MacLean v. Huddleston_, 459 U.S. 375, 389 (1983)). Braunschweig argues that proof of predicate priors in both OWI and PAC cases must be proven beyond a reasonable doubt. He argues that the holding in _State v. McAllister_, 107 Wis. 2d 532, 319 N.W.2d 865 (1982), that a predicate prior is not an element the State has to prove beyond a reasonable doubt, is ripe for reconsideration. On the other hand, the State argues that a prior conviction is not here an element of the OWI/PAC penalty enhancement statute and thus, the appropriate burden of proof is the preponderance of the evidence. We conclude that the appropriate burden of proof here is preponderance of the evidence, and that the State met its burden in this case by introducing the certified DOT record.[14]

¶33 Almost 40 years ago in _McAllister_, this court concluded that the State may prove prior convictions through "certified copies of conviction or other competent proof" when

---

[14] The holding that preponderance of the evidence is the burden of proof applies only when the prior convictions are not an element of the offense, such as in second offense OWI cases, but not so when the prior convictions become an element of the offense as in some PAC cases where the prior convictions lower the "[p]rohibited alcohol concentration." _See_ Wis. Stat. § 340.01(46m)(c); _see also_ _State v. Alexander_, 214 Wis. 2d 628, 640-41, 571 N.W.2d 662 (1997).

proof of a prior is not an element of the offense. 107 Wis. 2d at 539; State v. Saunders, 2002 WI 107, ¶32, 255 Wis. 2d 589, 649 N.W.2d 263. Braunschweig argues that substantial changes in the law since McAllister, however, militate in favor of overturning the decision. We disagree, reaffirm McAllister, and conclude that when a predicate prior offense is not, as here, an element that must be proven beyond a reasonable doubt, it need be proven by only a preponderance of the evidence. See McAllister, 107 Wis. 2d at 533 ("Unquestionably, the state has the burden of proving each essential element of a crime charged beyond a reasonable doubt.").

¶34 Wisconsin's statutes for OWI-related offenses impose increased penalties for repeat offenders. Competent proof of the prior conviction primarily concerns sentencing as it impacts the penalty that can be imposed and here, is not an element of the offense to be proven. The elements of a second offense OWI are:

> 1. The defendant (drove) (operated) a motor vehicle on a highway. . . .
>
> 2. The defendant was under the influence of an intoxicant at the time the defendant (drove) (operated) a motor vehicle.

Wis. JI-Criminal 2669, at 2 (2015); see Wis. Stat. § 346.63(1)(a). The elements of a second offense PAC are:

> 1. The defendant (drove) (operated) a motor vehicle on a highway.
>
> 2. The defendant had a prohibited alcohol concentration at the time the defendant (drove) (operated) a motor vehicle.

18

"Prohibited alcohol concentration" means .08 grams or more of alcohol in 210 liters of the person's breath.

Wis. JI-Criminal 2669, at 3 (2015); <u>see</u> § 346.63(1)(b); <u>see also</u> Wis. Stat. § 340.01(1v)(b), (46m)(a). In neither of these crimes is the prior offense an element.

¶35 In <u>McAllister</u>, this court stated:

The legislative directive concerning the law of repeater and penalty enhancers is clear and has been upheld by this court. The application and impact of such provisions has been repeatedly defined. Consistent with this development of the law, we hold that the fact of a prior violation, civil or criminal, is not an element of the crime of [OWI] either in the ordinary sense of the meaning of the word element, i.e., the incidents of conduct giving rise to the prosecution, or in the constitutional sense.

<u>McAllister</u>, 107 Wis. 2d at 538.[15] "An indictment . . . need not set forth factors relevant only to the sentencing of an offender

---

[15] "This court follows the doctrine of stare decisis scrupulously because of our abiding respect for the rule of law." <u>State v. Luedtke</u>, 2015 WI 42, ¶40, 362 Wis. 2d 1, 863 N.W.2d 592 (quoting <u>Johnson Controls, Inc. v. Emp'rs Ins. of Wausau</u>, 2003 WI 108, ¶94, 264 Wis. 2d 60, 665 N.W.2d 257); <u>Hilton v. S.C. Public Rys. Comm'n</u>, 502 U.S. 197, 202 (1991) ("Time and time again, this Court has recognized that 'the doctrine of stare decisis is of fundamental importance to the rule of law.'" (quoting <u>Welch v. Texas Dep't of Highways and Public Transp.</u>, 483 U.S. 468, 494 (1987) (plurality opinion))). "[A]ny departure from the doctrine of stare decisis demands special justification." <u>Johnson Controls</u>, 264 Wis. 2d 60, ¶94 (quoting <u>Schultz v. Natwick</u>, 2002 WI 125, ¶37, 257 Wis. 2d 19, 653 N.W.2d 266).

(continued)

found guilty of the charged crime." See, e.g., Almendarez-Torres v. United States, 523 U.S. 224, 228, 243-44 (1998).

¶36 Braunschweig asserts that the law has changed significantly since McAllister, so to undermine its conclusions. As support, he refers to the creation of the PAC charge under Wis. Stat. § 346.63,[16] including some PAC offenses wherein the predicate prior is an element of the offense, the fact that OWIs and PACs are often charged together, see § 346.63(1)(c), as well as that these are serious offenses with serious penalties noting that some such offenses are now felonies. See Wis. Stat. § 346.65(2)(am)4. The changes in the law that Braunschweig highlights,[17] however, do not warrant overturning McAllister as they do not "undermin[e] the rationale behind [the] decision."

---

We recognize that stare decisis, is a "'principle of policy' rather than 'an inexorable command.'" Hohn v. United States, 524 U.S. 236, 251 (1998) (quoting Payne v. Tennessee, 501 U.S. 808, 828 (1991)). One circumstance that can "satisfy the demanding standards for departing from precedent" is "changes or developments in the law [that] have undermined the rationale behind a decision." Johnson Controls, 264 Wis. 2d 60, ¶98.

[16] Wisconsin Stat. § 346.63, in relevant part, provides that "[n]o person may drive or operate a motor vehicle while . . . [t]he person has a prohibited alcohol concentration." § 346.63(1)(b).

[17] In this case, increased potential punishment because of this expunged prior does not transform the predicate offense into an element as "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that [Braunschweig] did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment." See Apprendi v. New Jersey, 530 U.S. 466, 488 (2000).

20

See <u>Johnson Controls, Inc. v. Emp'rs Ins. of Wausau</u>, 2003 WI 108, ¶98, 264 Wis. 2d 60, 665 N.W.2d 257. We acknowledge that in some PAC cases the predicate prior will be an element of the crime, but that is not the case before this court.[18]

¶37 The United States Supreme Court has provided guidance with regard to what burden of proof satisfies competent proof of a predicate conviction. In this case, the prior offense pertains in large part to the penalty at sentencing. The Supreme Court has "held that application of the preponderance standard at sentencing generally satisfies due process." <u>United States v. Watts</u>, 519 U.S. 148, 156 (1997). In <u>McMillan v. Pennsylvania</u>, the Court had "little difficulty concluding that in this case the preponderance standard satisfies due process" after determining "that States may treat 'visible possession of a firearm' as a sentencing consideration rather than an element of a particular offense." 477 U.S. 79, 91 (1986).

¶38 In line with the United States Supreme Court, numerous federal circuits have consistently applied a preponderance of the evidence standard at sentencing. <u>See, e.g.</u>, <u>United States v. Lacouture</u>, 835 F.3d 187, 189-90 (1st Cir. 2016) ("It is the government's burden at sentencing to prove sentencing

---

[18] As noted, this standard does not apply when the prior conviction defines part of the offense, as in some PAC circumstances. Given the Wisconsin Statutes regarding PAC cases, courts may nonetheless decide to make a record of whether the burden of proof meets the beyond a reasonable doubt standard, although it is not required as the preponderance of the evidence standard applies.

21

enhancement factors by a preponderance of the evidence . . . ."); United States v. Romans, 823 F.3d 299, 316 (5th Cir. 2016) ("In general, facts relevant to sentencing need only be proved by a preponderance of the evidence."); United States v. Mustafa, 695 F.3d 860, 862 (8th Cir. 2012) (stating that "we have repeatedly held that due process never requires applying more than a preponderance-of-the-evidence standard for finding sentencing facts"); United States v. Krieger, 628 F.3d 857, 862 (7th Cir. 2010) ("Sentencing factors need not be charged nor proved beyond a reasonable doubt, but may instead be found by the court at sentencing by a preponderance of the evidence.").

¶39 We likewise conclude that the State must prove this prior conviction by a preponderance of the evidence. Here, unlike some PAC charges, the prior OWI conviction is not an element of the charged offenses and need not be proven beyond a reasonable doubt.[19]

---

[19] Our conclusion is not in conflict with State v. Van Riper, 2003 WI App 237, 267 Wis. 2d 759, 672 N.W.2d 156, and State v. Bonds, 2006 WI 83, 292 Wis. 2d 344, 717 N.W.2d 133. In Van Riper, the court concluded that the certified Wisconsin driving record proved the existence of the defendant's prior convictions beyond a reasonable doubt. Van Riper did not analyze or answer whether a lower burden would have been sufficient. See Van Riper, 267 Wis. 2d 759, ¶¶18, 21. Similarly, in Bonds, the court concluded that Consolidated Court Automation Program (CCAP) was insufficient to prove a prior conviction under Wis. Stat. § 939.62. Bonds, 292 Wis. 2d 344, ¶49. However, Bonds too involved an entirely different statute than that which we consider today, and because the parties in Bonds agreed that beyond a reasonable doubt was the proper
(continued)

¶40 In sum, the State must prove this prior conviction by a preponderance of the evidence which can be satisfied with a certified DOT record.

IV. CONCLUSION

¶41 The court is presented with two issues. First, we consider whether a prior expunged OWI conviction constitutes a prior conviction under Wis. Stat. § 343.307(1), when determining the penalty for OWI-related offenses. We conclude that a prior expunged OWI conviction must be counted under § 343.307(1).

¶42 Second, we consider the State's burden of proving the prior OWI conviction in second offense OWI-related offenses. We conclude that the State must prove this prior OWI conviction, which is not here an element of the offense charged, by a preponderance of the evidence. Thus, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

---

burden, the court did not analyze or answer whether a lower burden would have been sufficient. Id., ¶33.