**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP2066-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2012CF1219

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ALFONSO C. LOAYZA,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Rock County:  RICHARD T. WERNER and JOHN M. WOOD, Judges.  *Reversed and cause remanded with directions*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in** WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Alfonso Loayza appeals a judgment of conviction for operating while intoxicated and an order denying his postconviction motion. We conclude that the State did not prove one of Loayza's prior convictions, and therefore we reverse and remand for sentencing as a seventh offense.[1]

¶2 As relevant to this appeal, Loayza pled guilty to operating while intoxicated (OWI). The circuit court determined that this was his eighth offense, and imposed a sentence of five years of initial confinement and five years of extended supervision. Loayza filed a postconviction motion arguing that the State failed to prove the existence of a prior OWI offense in California in 1990. The circuit court denied the motion, and Loayza appeals.

¶3 As proof of the California conviction, the State provided a copy of Loayza's driving record, as obtained from the Wisconsin Department of Transportation (DOT). The State also provided copies of documents obtained from the court clerk in San Mateo County in California.

¶4 Loayza argues that, regardless of what the DOT record shows about a 1990 California conviction, the California documents themselves fail to show that an OWI conviction occurred as shown in the DOT report. In response, the State appears to argue that, because case law describes a DOT record as "competent proof" of a prior conviction, the DOT record alone is sufficient to prove the California conviction, even if the California documents themselves fail to do that.

---

[1] The Honorable Richard T. Werner presided over trial and sentencing and entered the judgment of conviction. The Honorable John M. Wood entered the order denying Loayza's postconviction motion.

¶5      The State is required to prove prior convictions with competent proof that "must reliably demonstrate, with particularity, the existence of each" prior conviction. *State v. Spaeth*, 206 Wis. 2d 135, 150, 556 N.W.2d 728 (1996). The State must do so by a preponderance of the evidence. *See State v. Braunschweig*, 2018 WI 113, ¶39, 384 Wis. 2d 742, 921 N.W.2d 199. The parties agree that our standard of review is de novo.

¶6      We first clarify that, although case law describes DOT driving records as competent proof of a prior conviction, case law does *not* say that DOT records provide *conclusive* or *irrebuttable* proof. We see no indication in the case law cited by the State that a defendant is not permitted to cast doubt on the reliability of a DOT record. "[T]he accused must have an opportunity to challenge the existence of the prior offense." *State v. Wideman*, 206 Wis. 2d 91, 105, 556 N.W.2d 737 (1996). "Defense counsel should be prepared at sentencing to put the State to its proof when the state's allegations of prior offenses are incorrect or defense counsel cannot verify the existence of the prior offenses." *Id.* at 108. In the context of general repeater enhancements, "a defendant is always permitted to contest the authenticity or, more likely, the accuracy of even a *certified* copy of a judgment of conviction.… Put simply, judicial personnel are not infallible. Accordingly, even a certified copy of a document establishing a prior conviction may be rebutted …." *State v. Saunders*, 2002 WI 107, ¶30, 255 Wis. 2d 589, 649 N.W.2d 263 (alteration in original).

¶7      Therefore, we reject any suggestion that our analysis of the available information stops after seeing the entry in the DOT record. A DOT record may be sufficiently reliable when that is the only information available, but additional information may cast doubt on the reliability of a DOT entry to a degree that makes the entry insufficiently reliable to meet the State's burden.

3

¶8      As to the additional information available in this case, on appeal the State does not attempt to rebut Loayza's argument that the California documents fail to support the existence of an OWI conviction for the 1990 offense.  The State's failure to discuss the effect of the California documents, when combined with our conclusion that the DOT record is rebuttable, would by itself be a ground for us to reverse on the basis that the State has conceded Loayza's argument that the California documents make the DOT entry unreliable.  Nonetheless, we will next discuss the content of the California documents and explain how they create doubt about the reliability of the DOT entry.

¶9      The DOT entry shows an offense date of March 5, 1990, and a conviction date of May 11, 1990, for the offense "OWI-OPERATING WHILE INTOXICATED."  The California material includes a criminal complaint, a plea waiver form, and a computer printout of the "criminal case docket."  It seems clear that this material is related to the same case reported in the DOT record.  The complaint alleges the same offense date as the DOT report; the complaint charges OWI (among other offenses); and the plea questionnaire is dated with the same day that the DOT shows as the conviction date.  However, other aspects of the California material cast doubt on whether any conviction occurred in that case and, if it did, that it was for OWI.

¶10      As to whether any conviction occurred, we note that the material does not include a judgment of conviction.  Nor does the docket printout expressly show that a conviction occurred.  For example, on page one of the printout there is a section titled "charges, pleas and dispositions."  It lists four charges that correspond to the complaint, but the fields for "disposition" and "conv/disp date" are empty for all counts.  And, although the materials include a plea waiver form, the sections of the docket printout titled "case synopsis" and "record of case

events" do not show that any events occurred in court on or near the date the plea form was signed. Those docket sections also do not include any entry showing that a conviction occurred on any other date.

¶11 Even if a conviction did occur in that case, the materials raise doubt about whether it was for OWI. The complaint alleged one count of operating while intoxicated, one count of operating with a prohibited blood alcohol content, and two counts of operating after suspension and revocation. The May 1990 plea form does not identify by name the charge to which the defendant would be pleading *nolo contendere*, but the statute number it uses is the number given in the complaint for the first count of operating after suspension and revocation. That is the only charge referred to in the plea form. Thus, the plea form supports an inference that, if there was a conviction in May 1990 as reported by the DOT record, it was not for OWI, but only for operating after suspension and revocation.

¶12 We acknowledge that there is also some support in the California materials for the proposition that Loayza was convicted of OWI. The docket printout states that, at a later time, Loayza was being revoked from probation as to "count 1," which in the complaint was the OWI charge. However, that inference is diminished by the fact that the docket does not contain any earlier entry showing that Loayza was ever placed *on* probation in that case, whether for OWI or something else.

¶13 In summary, the California materials are clearly for the case that corresponds to the DOT entry of a conviction in May 1990, but they do not show that a conviction occurred then, or at any other specific time. Nor do they show any court activity at all in May 1990, other than that Loayza signed a plea

questionnaire form to plead no contest to operating after suspension and revocation.

¶14 When a particular class of records, such as court records, normally records certain types of events if they have occurred, the absence of such an event from the record supports the inference that the event did not occur. The more likely such an event is to be recorded if it occurred, the stronger is the inference that can be drawn from its absence. In our experience, convictions are very likely to be recorded in court records if they have occurred.

¶15 For these reasons, we conclude that the DOT driving record entry for an OWI conviction in May 1990 is rendered unreliable by the California materials. The Wisconsin DOT and California materials submitted by the State, when viewed as a whole, are not sufficiently reliable to show by a preponderance of the evidence that there was an OWI conviction in 1990.

¶16 On remand, the circuit court shall sentence Loayza for OWI as a seventh offense.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

6