# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1129 |

| | |
|---|---|
| COMPLETE TITLE: | City of Cedarburg,<br>            Plaintiff-Appellant,<br>      v.<br>Ries B. Hansen,<br>            Defendant-Respondent. |

ON MOTION FOR RECONSIDERATION
Reported at 390 Wis. 2d 109,938 N.W.2d 463
PDC No:2020 WI 11 - Published

| | |
|---|---|
| OPINION FILED: | May 20, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| PER CURIAM | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant, there was a motion for reconsideration filed by *Johnathan G. Woodward* and *Houseman & Feind, LLP*, Grafton, WI.

No. 2018AP1129
(L.C. No. 2017CV411)

STATE OF WISCONSIN          :          IN SUPREME COURT

**City of Cedarburg,**

      **Plaintiff-Appellant,**

  **v.**

**Ries B. Hansen,**

      **Defendant-Respondent.**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

**FILED**

**MAY 20, 2020**

Sheila T. Reiff
Clerk of Supreme Court

MOTION for reconsideration. *Reconsideration granted.*

¶1  PER CURIAM.  The City of Cedarburg moves the court to reconsider ¶30 of its decision in the above-captioned case, issued February 11, 2020.  See Wis. Stat. § 809.64 (2019-20).  The City contends the court overlooked State v. Braunschweig, 2018 WI 113, 384 Wis. 2d 742, 921 N.W.2d 199, wherein the court unanimously decided that the proper burden of proof the State must satisfy to establish a defendant's prior OWI convictions is a preponderance of the evidence.  The City requests only that the court modify ¶30 of our decision in City of Cedarburg v. Hansen to reflect the burden of proof announced in Braunschweig.

¶2 We grant the City's motion for reconsideration to modify ¶30. Braunschweig established the proper burden of proof to be a preponderance of the evidence. It noted that "in some PAC cases" under Wis. Stat. § 346.63, in which the text of the statute specifically makes "the predicate prior [] an element of the offense," the State must satisfy the higher, beyond a reasonable doubt burden. Braunschweig, 384 Wis. 2d 742, ¶36 & n.18. However, the court held that "the State's burden of proving the prior OWI conviction in second offense OWI-related offenses" is a preponderance of the evidence. Id., ¶¶3, 32-40. That burden of proof applies because a prior OWI offense is not among the statutory elements of a second offense OWI. See Wis. Stat. § 346.63(1)(a).

¶3 Accordingly, we order that ¶30 in City of Cedarburg v. Hansen, 2020 WI 11, 390 Wis. 2d 109, 938 N.W.2d 463, be modified to read as follows, with bold indicating the amended language and strikethrough indicating the language removed:

> A defendant's prior convictions determine his status as a repeat offender, not his guilt. State v. Saunders, 2002 WI 107, ¶3, 255 Wis. 2d 589, 649 N.W.2d 263. However, the State must prove a defendant's status as a prior offender at sentencing, where prior convictions must be established **by a preponderance of the evidence. See State v. Braunschweig, 2018 WI 113, ¶¶3, 32-40, 384 Wis. 2d 742, 921 N.W.2d 199.** ~~beyond a reasonable doubt.~~[13] ~~Id.~~ Importantly, the city attorney is not required to allege or prove that the defendant had no prior offenses.

¶4 *By the Court.*—The motion for reconsideration to modify ¶30 is granted.

2

1