# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2066-CR |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin, |
| |         Plaintiff-Respondent-Petitioner, |
| |    v. |
| | Alfonso C. Loayza, |
| |         Defendant-Appellant. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 389 Wis. 2d 625,937 N.W.2d 299
(2019 – unpublished)

| | |
|---|---|
| OPINION FILED: | February 11, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 10, 2020 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Rock |
|   JUDGE: | John M. Wood & Richard T. Werner |

JUSTICES:
ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.
NOT PARTICIPATING:

ATTORNEYS:

    For the plaintiff-respondent-petitioner, there were briefs filed by *Michael C. Sanders*, assistant attorney general; with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Michael C. Sanders*.

    For the defendant-appellant, there was a brief filed by *Jennifer A. Lohr* and *Lohr Law Offices, LLC*, Madison. There was an oral argument by *Jennifer A. Lohr*.

2021 WI 11

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP2066-CR
(L.C. No. 2012CF1219)

STATE OF WISCONSIN : IN SUPREME COURT

State of Wisconsin,

     Plaintiff-Respondent-Petitioner,

  v.

Alfonso C. Loayza,

     Defendant-Appellant.

**FILED**

**FEB 11, 2021**

Sheila T. Reiff
Clerk of Supreme Court

---

ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.

---

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1 ANN WALSH BRADLEY, J. The State of Wisconsin seeks review of an unpublished per curiam decision of the court of appeals that reversed Alfonso Loayza's judgment of conviction for eighth offense operating while intoxicated (OWI).[1] The court of appeals determined that the State did not prove, by a

---

[1] State v. Loayza, No. 2018AP2066-CR, unpublished slip op. (Wis. Ct. App. Nov. 7, 2019) (per curiam) (reversing and remanding judgment and order of the circuit court for Rock County, Richard T. Werner and John M. Wood, Judges).

preponderance of the evidence, one of Loayza's prior convictions and accordingly remanded the instant conviction for resentencing as a seventh offense.

¶2 Failure to prove a prior conviction is of import because repeat OWI offenders are subject to a system of enhanced penalties based on the number of prior convictions. The types of prior convictions that are "countable" for purposes of enhanced penalties are set by statute.[2]

¶3 Arguing that the court of appeals erred, the State contends that it proved the existence of Loayza's 1990 California OWI conviction by referring to both Loayza's Wisconsin Department of Transportation (DOT) driving record and documentation from California. Loayza disagrees, asserting that the record is insufficient to demonstrate that he was convicted of a countable offense in California in 1990.

¶4 Based on a review of the record before us, including Loayza's admissions contained in the California documentation, together with the DOT driving record and the references to his probation contained in the California materials, we determine that it is more likely than not that Loayza had a 1990 California OWI conviction. We therefore conclude that the State has met its burden of proof, demonstrating by a preponderance of

---

[2] See Wis. Stat. § 343.307 (2011–12).

All subsequent references to the Wisconsin Statutes are to the 2011–12 version unless otherwise indicated.

the evidence the existence of Loayza's 1990 California OWI conviction.

¶5 Accordingly, we reverse the decision of the court of appeals.

I

¶6 On May 26, 2012, Loayza was stopped by a police officer for speeding. During the course of the stop, Loayza admitted to recently drinking, and a preliminary breath test indicated a 0.14% blood alcohol concentration. A subsequent blood test confirmed that Loayza's blood alcohol concentration was well above the legal limit for driving.[3] Upon running a check of Loayza's driving record, the officer noted that Loayza had eight prior alcohol-related convictions.

¶7 The State charged Loayza with one count of OWI[4] as a ninth offense and one count of operating with a prohibited alcohol concentration (PAC),[5] also as a ninth offense. Detailed in the complaint were Loayza's alleged prior convictions——three convictions from California in 1989, 1990, and 1991, and five subsequent convictions in Wisconsin between 1992 and 2009.

¶8 Moving to collaterally attack all three of his California convictions, Loayza did not contest the existence of the convictions, but argued instead that the pleas in those

---

[3] Due to his prior convictions, Loayza was prohibited from driving with a blood alcohol concentration above 0.02. See Wis. Stat. § 340.01(46m)(c).

[4] See Wis. Stat. § 346.63(1)(a).

[5] See Wis. Stat. § 346.63(1)(b).

cases were entered without a valid waiver of counsel. In an affidavit accompanying the motion, Loayza acknowledged convictions in 1989, 1990, and 1991, but averred that he had no recollection as to whether he was represented at sentencing for any of those convictions or whether the judge advised him regarding his right to counsel. The circuit court denied this motion in its entirety.

¶9 Loayza ultimately pleaded guilty to one count of OWI as a ninth offense.[6] However, he made his plea contingent on the State proving his number of prior convictions.

¶10 At sentencing, the State submitted three exhibits as proof of Loayza's prior convictions. First, it offered a certified copy of Loayza's DOT driving record, which listed eight prior convictions.

¶11 Second, the State submitted a set of documents from San Mateo County, California, that related to Loayza's 1989 and 1990 convictions. This material included a criminal complaint alleging an offense date of March 5, 1990, charging Loayza with three counts——the California equivalents of OWI, PAC, and operating after revocation (OAR). It also included a guilty plea form dated May 11, 1990, indicating a no contest plea to the offense correlated with the California OAR statute. The submission further contained a case docket reflecting that

---

[6] The Honorable Richard T. Werner presided over Loayza's plea, entered the judgment of conviction, and heard a motion for resentencing and a postconviction motion alleging an unduly harsh sentence. The additional postconviction proceedings at issue in this case took place before the Honorable John M. Wood.

4

Loayza's probation on "count 1," the OWI count, was revoked on January 22, 1992.

¶12 Third, the State offered documents from Santa Clara County, California, which addressed Loayza's 1991 conviction. These materials included a felony complaint filed against Loayza again charging him with three counts——OWI, PAC, and OAR. As relevant here, the complaint contained the following allegation: "It is further alleged that the said defendant did commit a violation of Vehicle Code Section 23152(A) [(OWI)], on or about MARCH 5, 1990, and was duly convicted thereof in the MUNICIPAL Court of the County of SAN MATEO, State of California in Docket 218M258." The 1991 Santa Clara County materials also included a "felony minutes" sheet indicating that Loayza pleaded guilty to a PAC charge on October 30, 1991, and at that time admitted to three prior offenses.

¶13 Loayza conceded that the State offered sufficient proof of his 1991 conviction. However, he asserted that it failed to establish the existence of the 1989 and 1990 convictions.

¶14 The circuit court rejected Loayza's arguments and determined that both the 1989 and 1990 convictions were established through the exhibits submitted by the State. With regard to the 1990 conviction, the circuit court referenced the San Mateo County documents, stating, "[i]t's clear to me by reading this documentation that he was convicted of that, and I think this is competent proof of that particular conviction."

5

¶15 Accordingly, the circuit court determined that Loayza's current conviction constituted a ninth offense and sentenced him to a bifurcated sentence consisting of five years of initial confinement followed by five years of extended supervision. Loayza subsequently filed the first of two postconviction motions challenging the proof submitted for the 1989 and 1990 California convictions. In this initial motion, he sought resentencing, arguing that the State did not offer sufficient proof of the 1989 conviction. The circuit court agreed, amending the judgment of conviction to reflect an eighth offense rather than a ninth. However, it sentenced Loayza to the same term of confinement and supervision that it had initially imposed.

¶16 Loayza then brought the postconviction motion at issue in the present case. He contended that his sentence should be modified to reflect its status as a seventh offense rather than an eighth offense.

¶17 Specifically, he argued that the California documents provided by the State do not support the determination that a conviction occurred in 1990. He asserted first that the California materials are not sufficiently reliable to prove the 1990 conviction because the documents were not certified. Second, he contended that the submitted California materials do not prove that a conviction occurred in 1990 because no judgment of conviction was included and the case dockets do not list any information regarding the ultimate disposition of the charges.

¶18 Finally, Loayza argued that even if the materials prove a conviction occurred, they do not prove that the conviction was for OWI. The plea form in the record states that Loayza pleaded guilty to a violation of the California "Vehicle Code, § 14601.2(a)," which corresponds to the statute number used in the 1990 complaint for operating while suspended or revoked, not OWI.

¶19 The circuit court rejected Loayza's arguments, observing that Loayza "admitted and conceded the 1990 conviction. That's made clear by Judge Werner's written decision where he stated earlier that the defendant concedes there's sufficient evidence to establish the seven prior convictions." The circuit court noted that the San Mateo County documents may not be complete, but relied on the Santa Clara County documents' notation that Loayza had three prior convictions at the time of his 1991 conviction:

> [F]or whatever reason we have what we have from San Mateo County. But much more critical to me, as far as I'm concerned, is even better information that comes from Santa Clara County document [sic] of three priors and documents that are in fact signed by a judge with regard to the felony minutes.

¶20 Loayza appealed, and the court of appeals reversed. State v. Loayza, No. 2018AP2066-CR, unpublished slip op. (Wis. Ct. App. Nov. 7, 2019) (per curiam). It determined that the proffered evidence did not sufficiently demonstrate that Loayza was convicted of OWI in 1990.

¶21 The court of appeals acknowledged that "[t]he complaint alleges the same offense date as the DOT report; the

7

complaint charges OWI (among other offenses); and the plea questionnaire is dated with the same day that the DOT shows as the conviction date." Id., ¶9. However, it concluded that "other aspects of the California material cast doubt on whether any conviction occurred in that case and, if it did, that it was for OWI." Id.

¶22 It observed that there is no judgment of conviction in the record, and the docket printout does not expressly show that a conviction occurred. Id., ¶10. In the court of appeals' view, the plea form, which uses the statute number corresponding to operating after suspension and revocation, "supports an inference that, if there was a conviction in May 1990 as reported by the DOT record, it was not for OWI, but only for operating after suspension and revocation." Id., ¶11.

¶23 Accordingly, the court of appeals concluded "that the DOT driving record entry for an OWI conviction in May 1990 is rendered unreliable by the California materials." Id., ¶15. Viewing the Wisconsin DOT and California materials as a whole, the court of appeals determined that the submissions "are not sufficiently reliable to show by a preponderance of the evidence that there was an OWI conviction in 1990." Id. The State petitioned this court for review.

II

¶24 We are asked to review whether the State proved, by a preponderance of the evidence, the existence of Loayza's 1990 California OWI conviction. If so, that conviction can serve as a penalty enhancer in this case. Whether there exists

8

sufficient evidence to prove a penalty enhancer presents a question of law that we review independently of the determinations rendered by the circuit court or court of appeals. State v. Koeppen, 2000 WI App 121, ¶36, 237 Wis. 2d 418, 614 N.W.2d 530.

III

¶25 Pursuant to the Wisconsin Statutes, repeat OWI offenders are subject to a system of increased penalties based on the number of prior convictions. State v. Braunschweig, 2018 WI 113, ¶15, 384 Wis. 2d 742, 921 N.W.2d 199; see Wis. Stat. § 346.65(2)(am). As relevant here, the types of prior convictions that are "countable" for purposes of enhanced penalties are set by Wis. Stat. § 343.307 and include:[7]

> Convictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

§ 343.307(1)(d).

---

[7] Although not relevant to the present case, convictions under Wis. Stat. § 940.09(1) (homicide by intoxicated use of a vehicle) and Wis. Stat. § 940.25 (injury by intoxicated use of a vehicle) are also countable for purposes of determining the penalty for a repeat OWI offender. See State v. Carter, 2010 WI 132, ¶3, 330 Wis. 2d 1, 794 N.W.2d 213; Wis. Stat. § 346.65(2)(am).

¶26 A previous conviction is not an element of an OWI offense. State v. McAllister, 107 Wis. 2d 532, 538, 319 N.W.2d 865 (1982). However, in any OWI prosecution, the burden is on the State to prove any prior convictions. See Braunschweig, 384 Wis. 2d 742, ¶32; State v. Wideman, 206 Wis. 2d 91, 104, 556 N.W.2d 737 (1996). It must do so by a preponderance of the evidence. Braunschweig, 384 Wis. 2d 742, ¶39.

¶27 At issue in the present case is whether the documentary evidence in the record is sufficient to establish, by a preponderance of the evidence, Loayza's 1990 California OWI conviction. The State has not offered a certified copy of a judgment of conviction reflecting Loayza's 1990 California conviction.

¶28 However, this deficiency is not necessarily fatal to the State's case, as this court has previously stated that "the convictions may be proven by certified copies of conviction or other competent proof offered by the state before sentencing." McAllister, 107 Wis. 2d at 539 (emphasis added). Such "competent proof must reliably demonstrate, with particularity, the existence of each" prior conviction. State v. Spaeth, 206 Wis. 2d 135, 150, 556 N.W.2d 728 (1996).

¶29 As "competent proof," the State offers among other items a certified copy of Loayza's DOT driving record to establish the existence of his 1990 California conviction. The driving record contains an entry indicating that Loayza was

10

convicted of an OWI offense in California on May 11, 1990, for a violation occurring on March 5, 1990.

¶30 The court of appeals has previously determined that a DOT certified driving transcript is admissible evidence to establish repeater status. State v. Van Riper, 2003 WI App 237, ¶2, 267 Wis. 2d 759, 672 N.W.2d 156. Such a conclusion logically followed from this court's determination in Spaeth that a teletype of a defendant's DOT driving record is sufficient to establish the existence of a prior OAR conviction. Id., ¶16; see Spaeth, 206 Wis. 2d at 153.

¶31 Indeed, a certified DOT driving record is "a public record and admissible as an exception to the hearsay rule" pursuant to Wis. Stat. § 908.03(8).[8] State v. Leis, 134 Wis. 2d 441, 445, 397 N.W.2d 498 (Ct. App. 1986). It is "self-authenticating by virtue of a certificate attached to the record bearing the State of Wisconsin, Department of Transportation seal and the facsimile signature of the Administrator of the Division of Motor Vehicles attesting to the record's authenticity." Id.

---

[8] Wisconsin Stat. § 908.03(8) provides that the following "are not excluded by the hearsay rule, even though the declarant is available as a witness:"

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

11

¶32 Loayza thus does not challenge the admissibility of the DOT driving record. He focuses his challenge on the information contained within the driving record regarding the 1990 California conviction, arguing that despite the entry referencing the 1990 conviction, the underlying documentation does not support the premise that he was convicted of OWI at that time.

¶33 The court of appeals agreed with Loayza. It focused its review on the San Mateo County materials submitted by the State. Beginning its analysis, the court of appeals observed that although the record contains a criminal complaint indicating an offense date of March 5, 1990, and a conviction date of May 11 of that same year, no judgment of conviction was included in the record, and the docket printout that was in the record does not expressly show that a conviction occurred. Loayza, No. 2018AP2066-CR, unpublished slip op., ¶¶9-10.

¶34 Next, the court of appeals further opined that "[e]ven if a conviction did occur in that case, the materials raise doubt about whether it was for OWI." Id., ¶11. To explain, the May 1990 plea form does not identify to which of the three charges (OWI, PAC, or OAR) Loayza entered a no contest plea, but the statute number referenced is that for the OAR charge. Id. "Thus, the plea form supports an inference that, if there was a conviction in May 1990 as reported by the DOT record, it was not for OWI, but only for operating after suspension and revocation." Id. In sum, in the court of appeals' view, the California materials submitted in the record, although "clearly

12

for the case that corresponds to the DOT entry of a conviction in May 1990, . . . do not show that a conviction occurred then, or at any other specific time." Id., ¶13.

¶35 We agree with the State that the court of appeals erred. Specifically, upon review of the entire record and in light of the DOT driving record and the applicable burden of proof (preponderance of the evidence), the court of appeals did not give proper weight to Loayza's previous admissions to the 1990 California conviction or to the materials in the record relating to Loayza's 1991 California OWI conviction from Santa Clara County.

¶36 To explain, the record contains several actions on Loayza's part that can reasonably be construed as admissions to the 1990 conviction. First, when early in this case Loayza collaterally attacked all three of his California convictions, his affidavit referred to his "three Prior California DUI/OWI Convictions from 1989, 1990 and 1991." At that time, he did not challenge the existence of any of these convictions, but instead asserted that he did not recall if he was represented by counsel and had not validly waived counsel. Thus, Loayza's own affidavit, at a bare minimum, acknowledges the existence of the 1990 conviction.

¶37 Second, the 1991 Santa Clara County materials provide an additional instance of an admission to the 1990 San Mateo County conviction. The complaint filed in the 1991 Santa Clara County case alleges as a prior conviction the 1990 conviction in San Mateo County, and the "felony minutes" of Loayza's plea

13

hearing in the 1991 case indicate that Loayza admitted to three prior convictions.  Based on the complaint and the entire record in this case, including the DOT driving record, it is a reasonable inference that one of the three admitted prior convictions was the 1990 San Mateo County conviction.

¶38  We have previously opined that "a defendant's admission, whether given personally or imputed through counsel, is competent proof of prior . . . convictions."  Spaeth, 206 Wis. 2d at 148; see also Wideman, 206 Wis. 2d at 105 ("If an accused admits to a prior offense that admission is, of course, competent proof of a prior offense and the State is relieved of its burden to further establish the prior conviction.").  Although Spaeth addressed OAR convictions, we can think of no reason why it is not applicable also to OWI convictions.

¶39  Further, the record of the 1990 San Mateo County case contains a reference to Loayza's probation being revoked and Loayza being sentenced on "count 1."  In the complaint, count 1 corresponds to the OWI charge.  From this notation, it is a reasonable inference that Loayza was convicted and placed on probation for the 1990 OWI conviction.  Indeed, his probation could not have been revoked on count 1 had he not been placed on probation on count 1, and he could not have been placed on probation had he not been convicted.  Accordingly, the notation that Loayza's probation was revoked supports the inference that he was convicted of the identified "count 1" for OWI.

¶40  With an eye toward the fact that the applicable burden of proof here is a preponderance of the evidence, Loayza's

14

admissions, coupled with the DOT driving record and the references to his probation, are sufficient to meet such a burden. The State must demonstrate only that it is more likely than not that Loayza was convicted of OWI in 1990. See State v. Rodriguez, 2007 WI App 252, ¶18, 306 Wis. 2d 129, 743 N.W.2d 460 (citing United States v. Saulter, 60 F.3d 270, 280 (7th Cir. 1995)) (explaining that "to prove by a preponderance of the evidence means that it is 'more likely than not' that the examined action occurred"). On this record, it has done so.

¶41 Although we determine that Loayza's challenge to the veracity of the DOT driving record is unsuccessful, we emphasize that the information contained in a DOT driving record is not unassailable. Indeed, "the accused must have an opportunity to challenge the existence of the prior offense." Wideman, 206 Wis. 2d at 105. Accordingly, we have previously offered the following guidance:

> The State and defense counsel should, prior to sentencing, investigate the accused's prior driving record. The State should be prepared at sentencing to establish the prior offenses by appropriate official records or other competent proof. Defense counsel should be prepared at sentencing to put the State to its proof when the state's allegations of prior offenses are incorrect or defense counsel cannot verify the existence of the prior offenses.

Id. at 108.

¶42 Such an admonition is consistent with this court's statement in State v. Saunders concerning the proof necessary to apply a general repeater sentencing enhancement:

15

> [A] defendant is always permitted to contest the authenticity or, more likely, the accuracy of even a <u>certified</u> copy of a judgment of conviction. Human beings complete these forms and, although we would hope that typographical errors within these important documents are rare, errors may nonetheless exist. . . . Put simply, judicial personnel are not infallible. Accordingly, even a certified copy of a document establishing a prior conviction may be rebutted, just as inaccuracy in a presentence investigation report may be challenged.

<u>State v. Saunders</u>, 2002 WI 107, ¶30, 255 Wis. 2d 589, 649 N.W.2d 263.

¶43 As the court of appeals in the present case correctly stated, "[a] DOT record may be sufficiently reliable when that is the only information available, but additional information may cast doubt on the reliability of a DOT entry to a degree that makes the entry insufficiently reliable to meet the State's burden." <u>Loayza</u>, No. 2018AP2066-CR, unpublished slip op., ¶7.

¶44 We further emphasize that a challenge to a DOT driving record does not involve any burden shifting. Both the burden of production and the burden of proof remain on the State to prove prior convictions by a preponderance of the evidence whether or not a defendant raises an objection.

¶45 In sum, based on a review of the record before us, including Loayza's admissions contained in the California documentation, together with the DOT driving record and the references to his probation contained in the California materials, we determine that it is more likely than not that Loayza was convicted in California of OWI in 1990. We therefore conclude that the State has met its burden of proof,

16

demonstrating by a preponderance of the evidence the existence of Loayza's 1990 California OWI conviction.

¶46 Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.