COURT OF APPEALS
DECISION
DATED AND FILED

November 14, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP1570-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF4799

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TRENTON ADRIAN BROWN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DAVID C. SWANSON and MICHAEL J. HANRAHAN, Judges. *Affirmed in part; reversed in part.*

Before White, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Trenton Adrian Brown appeals a judgment entered following a jury trial convicting him of one count of possessing heroin with intent to deliver, as a party to a crime and repeater, and one count of obstructing an officer, and an order denying postconviction relief.[1] On appeal, Brown contends that his trial counsel was ineffective for failing to file a motion to suppress, and he is entitled to an evidentiary hearing. In addition, Brown contends that there was insufficient evidence to convict him of obstruction. For the reasons discussed below, we conclude that trial counsel was not ineffective for failing to file a motion to suppress. However, we conclude that there was insufficient evidence to convict Brown of obstruction. Accordingly, we affirm the conviction for possession with intent to deliver heroin and reverse the conviction for obstructing an officer.

## BACKGROUND

¶2 According to the criminal complaint, on October 14, 2016, Romel Tramone Bohannon arranged to meet—unbeknownst to him—an undercover officer at a gas station in Milwaukee to buy heroin. At the gas station, the undercover officer parked parallel to a Grand Prix. Brown stepped out of the driver's seat of the Grand Prix, opened the hood, and checked the oil. The undercover officer walked to the rolled down front passenger window of the Grand Prix where Bohannon was seated. As the undercover officer made contact with Bohannon, Brown walked to and entered the gas station. The undercover officer then exchanged $140 in prerecorded buy money for a bag of heroin.

---

[1] The Honorable David C. Swanson presided over the jury trial in this case. The Honorable Michael J. Hanrahan presided over the postconviction proceedings. We refer to Judge Swanson as the trial court and Judge Hanrahan as the circuit court.

¶3 Subsequently, on October 19, 2016, Milwaukee police officers went to a residence to arrest Bohannon and Brown. The officers saw them outside and arrested Bohannon. Brown ignored officers' commands and fled inside the residence. Officers chased after Brown and followed him into the residence.

¶4 Inside the residence, Brown barricaded himself behind an old refrigerator. Officers drew their weapons and ordered Brown to lay on the floor with his hands out. Brown complied and he was arrested. Brown was searched incident to arrest and police seized a cell phone, Brown's identification card, and $1,388 in cash. Officers observed evidence of dealing and packing heroin in plain view at the residence.

¶5 Police obtained a search warrant for the residence. Officers seized a cell phone, substances suspected to be heroin, a firearm, and other indicia of drug dealing. In regards to the events on October 19, 2016, Brown was charged with possessing heroin with intent to deliver, as a party to a crime and a repeater, and obstructing an officer.[2] Brown was not charged in connection with the drug transaction on October 14, 2016.

¶6 At the time the offenses occurred, Brown was on probation in Kenosha County Circuit Court Case No. 2014CF1228 and Milwaukee County Circuit Court Case No. 2014CM4312. On February 21, 2017, a revocation hearing was held. During the hearing, Milwaukee Police Officer Andrew Molina testified that the drug transaction was conducted after Brown went inside the gas station. The administrative law judge (ALJ) determined that there was

---

[2] We note that the party to a crime designation was added later in an amended information.

3

"insufficient credible and reliable evidence" that Brown "did participate/was present in the possession and sale of narcotics."

¶7   In regards to the charges in this case, Brown went to trial. The State presented testimony regarding Brown's flight from police and the items found in the residence where Brown was apprehended. Brown rested without presenting any witnesses.

¶8   The jury found Brown guilty of both counts as charged. The trial court sentenced him to eight years of initial confinement and four years of extended supervision on the heroin charge. On the obstruction charge, the trial court sentenced Brown to nine months in the House of Correction concurrent to his sentence on the heroin charge.

¶9   Brown filed a postconviction motion arguing that trial counsel was ineffective because counsel did not file a motion to suppress the fruits of his warrantless arrest, and requested an evidentiary hearing. In sum, Brown argued that he "was arrested without a warrant and without probable cause, and no exigent circumstance authorized … police to enter the residence to arrest him."

¶10   The circuit court denied the motion without holding an evidentiary hearing. Relevant to this appeal, the circuit court concluded that police had "both reasonable suspicion to detain *and* probable cause to arrest [Brown] based on their observations during and after the October 14th controlled buy." Thus, "when [Brown] refused orders to stop but instead ran and hid within the residence, … he was committing the jailable offense of obstruction, which allowed officers to pursue him into the residence." The court further stated that an evidentiary hearing was unnecessary because a suppression motion would not have been meritorious. This appeal follows.

**DISCUSSION**

## I.    Motion to Suppress

¶11    On appeal, Brown first renews his postconviction argument that trial counsel was ineffective for failing to file a motion to suppress, and he is entitled to an evidentiary hearing.

¶12    To determine whether a defendant is entitled to an evidentiary hearing on his or her postconviction motion, we independently review "whether the motion on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the defendant to relief" and "whether the record conclusively demonstrates that the defendant is not entitled to relief." *State v. Jackson*, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608.  If the motion supports relief, then "the circuit court must hold an evidentiary hearing." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.  However, "if the record conclusively demonstrates that the defendant is not entitled to relief, then either option— holding a hearing or not—is within the circuit court's discretion." *State v. Ruffin*, 2022 WI 34, ¶28, 401 Wis. 2d 619, 974 N.W.2d 432.  "We review a circuit court's discretionary decisions under the deferential erroneous exercise of discretion standard." *Allen*, 274 Wis. 2d 568, ¶9.

¶13    When evaluating an ineffective assistance of counsel claim, we apply the well-established test in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show both that counsel performed deficiently, and that the deficiency was prejudicial. *Id.* at 687.  If a defendant fails to make an adequate showing as to one prong of the test, we need not address the other. *Id.* at 697.

¶14    In this case, the record conclusively shows that Brown's trial counsel was not deficient.  To demonstrate deficient performance, the defendant must show that counsel's representation fell "below objective standards of reasonableness." *See* *State v. McDougle*, 2013 WI App 43, ¶13, 347 Wis. 2d 302, 830 N.W.2d 243.  "Counsel does not perform deficiently by failing to bring a meritless motion." *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16.  "In determining whether counsel's performance was deficient for failing to bring a motion, we may assess the merits of that motion." *Id.*  As discussed below, a motion in this case would have been meritless.

¶15    On October 19, 2016, police approached Brown and Bohannon outside a residence and said in an authoritative manner, "[P]olice.  Stop.  Show me your hands."  In response, Brown ran to the rear side door of the residence and went inside.  Police entered the residence, arrested Brown, and then obtained a warrant to search the residence.

¶16    The State contends that the police had reasonable suspicion to approach Brown, or in the alternative, probable cause to arrest him.  In addition, the State contends that the police's pursuit of Brown into the residence was justified under the hot pursuit doctrine.  We agree with the State.

¶17    First, the police had reasonable suspicion to approach Brown on October 19, 2016.  The Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution protect the rights of citizens to be free from unreasonable searches and seizures.  *State v. Young*, 2006 WI 98, ¶18, 294 Wis. 2d 1, 717 N.W.2d 729.  In certain circumstances, police may temporarily detain a person for the purpose of investigating possible criminal behavior.  *State v. Blatterman*, 2015 WI 46, ¶18, 362 Wis. 2d 138, 864 N.W.2d

26; *see also* WIS. STAT. § 968.24 (2021-22).[3]  An investigatory stop "complies with the Fourth Amendment 'if the police have reasonable suspicion that a crime has been committed, is being committed, or is about to be committed.'"  ***State v. Genous***, 2021 WI 50, ¶7, 397 Wis. 2d 293, 961 N.W.2d 41 (citation omitted).

¶18    When the police approached Brown, they knew that Bohannon had completed a heroin transaction on October 14, 2016, at a gas station, and that Brown had driven Bohannon to and from the drug deal.  Thus, it was reasonable for the officers to believe that Brown had engaged in conspiracy to deliver heroin, as he had acted in furtherance of Bohannon's sale of heroin by driving Bohannon to and from the drug deal.  *See generally* WIS. STAT. §§ 961.41(1)(d), (1x) and 939.31 (2015-16).  Accordingly, we conclude that the police had reasonable suspicion to stop Brown.  *See* ***Genous***, 397 Wis. 2d 293, ¶10.

¶19    Brown contends that the officers needed probable cause, not reasonable suspicion.  Even if we assume that probable cause was necessary, we conclude that the police had it.

¶20    In comparison to an investigatory stop, which requires reasonable suspicion, police may arrest a person if they have probable cause.  *See* ***State v. Secrist***, 224 Wis. 2d 201, 209, 589 N.W.2d 387 (1999).  "Probable cause to arrest is the quantum of evidence within the arresting officer's knowledge at the time of the arrest which would lead a reasonable police officer to believe that the defendant probably committed or was committing a crime."  ***Id.*** at 212.

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶21    As stated above, Brown drove Bohannon to and from a drug deal. Regardless of whether Brown was inside the vehicle during the actual drug deal, it was reasonable for the officers to believe that Brown knew of the transaction and assisted by driving Bohannon to and from the gas station. *See id.*

¶22    Brown points to the ALJ's determination that there was "insufficient credible and reliable evidence" that Brown "did participate/was present in the possession and sale of narcotics." As Brown acknowledges, however, proving an alleged probation violation at a revocation hearing requires a preponderance of evidence. *See State ex rel. Warren v. Schwarz*, 211 Wis. 2d 710, 726, 566 N.W.2d 173 (Ct. App. 1997). This is a higher standard to meet than probable cause or reasonable suspicion. *See State v. Loayza*, 2021 WI 11, ¶40, 395 Wis. 2d 521, 954 N.W.2d 358 (stating that the preponderance of evidence standard requires a showing that it is "more likely than not" that an action occurred); *Secrist*, 224 Wis. 2d at 212 (noting that probable cause to arrest requires "more than a possibility or suspicion that the defendant committed an offense, but the evidence need not reach the level of proof beyond a reasonable doubt or even that guilt is more likely than not"); *State v. Nimmer*, 2022 WI 47, ¶25, 402 Wis. 2d 416, 975 N.W.2d 598 (observing that reasonable suspicion requires "considerably less than proof of wrongdoing by a preponderance of the evidence" (citation omitted)). Thus, even if the evidence did not satisfy the preponderance of evidence standard, this does not control whether the evidence satisfied the probable cause standard or the reasonable suspicion standard.

¶23    Second, the officers' entry into the residence where Brown fled was justified. A warrantless entry into a residence is generally prohibited. *State v. Parisi*, 2014 WI App 129, ¶9, 359 Wis. 2d 255, 857 N.W.2d 472. There are, however, four well-recognized exigent circumstances that allow police to enter a

home without a warrant: "(1) hot pursuit of a suspect, (2) a threat to the safety of a suspect or others, (3) a risk that evidence will be destroyed, and (4) a likelihood that the suspect will flee." *State v. Ferguson*, 2009 WI 50, ¶20, 317 Wis. 2d 586, 767 N.W.2d 187 (citation omitted).[4] The State bears the burden of proving that a warrantless home entry is justified by exigent circumstances. *Id.* To evaluate whether a warrantless arrest is justified, we consider whether the underlying offense is a jailable or non-jailable offense. *Id.*, ¶29.

¶24 Here, the officers' entry into the residence in which Brown fled was justified. After Brown ignored the commands to stop and fled, the officers had probable cause to arrest Brown for the jailable offense of obstruction. *See id.* The police then immediately chased Brown into the residence. This constituted "hot pursuit" justifying the officers' entry into the residence. *See id.*, ¶¶19-20; *State v. Wilson*, 2022 WI 77, ¶38, 404 Wis. 2d 623, 982 N.W.2d 67 (stating that "[t]he basic ingredient of the exigency of hot pursuit is 'immediate or continuous pursuit of [a suspect] from the scene of a crime'" (citation omitted)).

¶25 Therefore, for the reasons above, we conclude that a motion to suppress would have been meritless and trial counsel did not perform deficiently. *See Sanders*, 381 Wis. 2d 522, ¶29. As a result, the circuit court properly denied

---

[4] Brown contends in his reply brief that *State v. Ferguson*, 2009 WI 50, 317 Wis. 2d 586, 767 N.W.2d 187, is inconsistent with a subsequent United States Supreme Court decision, *Lange v. California*, 594 U.S. __, 141 S. Ct. 2011 (2021). Brown, however, asserts that because the law was not clear when his case was pending in the circuit court from 2016 to 2018, he does not ask this court to evaluate trial counsel's performance in light of *Lange*. *See State v. McMahon*, 186 Wis. 2d 68, 85, 519 N.W.2d 621 (Ct. App. 1994) (stating that "ineffective assistance of counsel cases should be limited to situations where the law or duty is clear such that reasonable counsel should know enough to raise the issue"). Accordingly, we do not address *Lange* further.

Brown's postconviction motion without an evidentiary hearing. *Allen*, 274 Wis. 2d 568, ¶9.

## II. Sufficiency of the Evidence

¶26 In addition, on appeal, Brown contends that the State did not produce sufficient evidence to convict him of obstructing an officer.

¶27 In determining whether the evidence was sufficient to support a conviction, we may not substitute our "judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). Whether the evidence in a case is sufficient to sustain a guilty verdict is a question of law that we review independently. *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410.

¶28 In this case, we agree with Brown that the evidence was not sufficient to support a finding of guilt. The elements of obstructing an officer are: (1) the defendant obstructed an officer; (2) the officer was doing an act in an official capacity; (3) the officer was acting with lawful authority; and (4) the defendant knew that the officer was an officer acting in an official capacity and with lawful authority, and that the defendant knew his or her conduct would obstruct the officer. *See* WIS. STAT. § 946.41(1) (2015-16); WIS JI—CRIMINAL 1766.

¶29 Brown contends that the State did not produce any evidence at trial that the officers acted with lawful authority when they approached Brown to arrest him. In support of his argument, Brown contends that the only evidence submitted

at trial was that the officers were told to arrest him and there was no evidence presented regarding the basis for the arrest or an explanation of the offense for which the officers had probable cause to arrest him. *See* ***State v. Lossman***, 118 Wis. 2d 526, 537, 348 N.W.2d 159 (1984) (stating that acting with lawful authority "goes to whether the officer's actions are conducted in accordance with the law"); WIS JI—CRIMINAL 1766 n.9 (suggesting that a trial court specify in the jury instructions the lawful function being performed and, if raised by the evidence, instructing the jury on the applicable legal standard).

¶30     In response, the State points to testimony at trial from Officer Joseph Esqueda that he was directed to arrest Brown on October 19, 2016. The State also points to testimony in which Officer Esqueda explained that he was part of the arrest team and wore a shirt that said "police," a "Molly vest" that held handcuffs, a radio, and a first aid kit, and had a badge.

¶31     As Brown observes, the evidence the State points to supports that the police were acting in their official capacity. *See* ***Lossman***, 118 Wis. 2d at 537 (stating that an officer acts in his official capacity if his conduct has "some relation to his employment as a deputy"); WIS JI—CRIMINAL 1766 (stating that police act in their official capacity "when they perform duties that they are employed to perform"). The State does not point to any evidence presented at trial that the police were acting with lawful authority, such as the basis for Brown's arrest or an explanation of the offense for which the officers had probable cause. *See* ***Lossman***, 118 Wis. 2d at 537. Nor do we discern any.

¶32     Thus, given the fact that the trial lacked any evidence that the police were acting with lawful authority, we conclude that there was insufficient evidence to convict Brown of obstructing an officer and reverse his conviction.

## CONCLUSION

¶33     In sum, we conclude that trial counsel was not ineffective for failing to file a motion to suppress, and the circuit court properly denied Brown's postconviction motion without a hearing. However, we conclude that there was insufficient evidence to convict Brown of obstructing an officer. Accordingly, we affirm the conviction for possession with intent to deliver heroin and reverse the conviction for obstructing an officer.

*By the Court.*—Judgment and order affirmed in part; reversed in part.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.